IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

    Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS; CONTRACTORS' STATE LICENSE BOARD; STUART RIND; RICK VILLUCCI; DIANA ROACH; RICK LOPEZ; STEPHEN TAKIMOTO; LESLIE YOAKUM; CARL VEGA; SUE STIREWALT; KEVIN KERR; JIM KLEIMAN; THOMAS EBLING; SUE PAYNE; ANDREA SOUZA; ANITA SISNEROS; JACQUELYN MAES; PATRICIA NELSON; and UNKNOWN CSLB EMPLOYEES 1-15,

    Defendants.
_____/

No. 2:09-cv-02905 FCD KJN PS

ORDER & FINDINGS AND RECOMMENDATIONS

    Plaintiff is proceeding without counsel and filed his operative complaint on January 13, 2010.[1] (Dkt. No. 14.) Presently before the court is plaintiff's application to proceed

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 16).

in forma pauperis.[2] (Dkt. No. 3.) For the reasons state below, the undersigned will grant plaintiff's application to proceed in forma pauperis, but will delay ordering service of the Ninth Amended Complaint until the United States District Judge assigned to this case has acted on the findings and recommendations contained herein. The undersigned will also recommend that: (1) all of plaintiff's claims against defendants California Department of Consumer Affairs and Contractors State Licensing Board be dismissed with prejudice, and that these two defendants be dismissed from this action; (2) all of plaintiffs claims alleged against the remaining individual defendants be dismissed with prejudice to the extent that plaintiff has alleged such claims against the individual defendants in their official capacities; and (3) plaintiff's tenth and eleventh claims for relief brought pursuant to 42 U.S.C. §§ 1985 and 1986 be dismissed with prejudice as to all defendants on the additional grounds stated below.

I.   Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 3.) His application and declaration make the showing required by 28 U.S.C. § 1915(a)(1) and (2). (See id.) Accordingly, the undersigned will grant his request to proceed in forma pauperis.

II.   Screening The Complaint

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

---

[2] The undersigned construes plaintiff's Ninth Amended Complaint as the operative complaint. Plaintiff filed his original complaint on October 19, 2009 (Dkt. No. 1), but subsequently filed eight amended complaints before the court was able to address his application to proceed in forma pauperis. (Dkt. Nos. 4, 5, 6, 7, 9, 11, 12, 13, and 14.)

2

which relief may be granted, or seeks monetary relief against an immune defendant.

Plaintiff has sued two state agencies—the California Department of Consumer Affairs and the Contractors State Licensing Board ("CSLB"), which is part of the California Department of Consumer Affairs—and individual defendants alleged to be employees of CSLB. Plaintiff alleges eleven claims for relief.[3] Generally, plaintiff's claims arise from his interactions with employees and officials of CSLB concerning (1) plaintiff's alleged attempts to acquire or resolve issues relating to certain contractors licenses, and (2) plaintiff's alleged October 13, 2005 arrest and detention by CSLB officials and attempts to resolve a resulting citation and "notice to appear."[4] His first, second, fourth, fifth, sixth, and seventh claims allege constitutional violations and are brought pursuant of 42 U.S.C. § 1983. His third claim alleges a violation of the Bane Act, Cal. Civ. Code 52.1. His eighth and ninth claims are tort claims for intentional and negligent infliction of emotional distress, respectively. His tenth and eleventh claims allege violations of 42 U.S.C. §§ 1985 and 1986, respectively. Plaintiff seeks compensatory damages, special damages, punitive damages, and costs of suit. (Ninth Am. Compl. at 38.)

As plaintiff notes in his Ninth Amended Complaint, he previously attempted to bring the claims alleged in his Ninth Amended Complaint in another lawsuit that is pending before this court, Kent v. United States, No. 2:07-cv-02361 MCE KJN PS. (See Ninth Am. Compl. ¶ 87.) The claims that are the basis of plaintiff's present lawsuit were screened out of plaintiff's second amended complaint in the previously filed action. (Kent, No. 2:07-cv-02361 MCE KJN PS, Dkt. Nos. 8 at 13-15, 9 at 5.) The undersigned does not herein address any impact that plaintiff's previously filed lawsuit has on the present one, including any possible issue or claim preclusive effect.

---

[3] The Ninth Amended Complaint contains two claims for relief each labeled as the "Tenth Cause of Action." (See Ninth Am. Compl. at 35-36.)

[4] The foregoing is not a comprehensive recitation of the factual allegations contained in the operative complaint. As reflected by the discussion below, a detailed factual summary is not required for the court's screening of the Ninth Amended Complaint.

The undersigned cannot conclude on the present record that plaintiff fails to state a claim on which relief can be granted with respect to claims one through nine to the extent that plaintiff alleges those claims against the individual defendants in their individual capacities, as opposed to their official capacities.[5] The undersigned reserves decision on these claims until the record is sufficiently developed. Accordingly, once the District Judge assigned to this case has resolved these proposed findings and recommendations, and if the District Judge adopts these findings and recommendations, the undersigned will order service of the Ninth Amended Complaint, as narrowed herein, on the following individual defendants: Thomas Ebling, Kevin Kerr, Jim Kleiman, Rick Lopez, Jacquelyn Maes, Patricia Nelson, Sue Payne, Stuart Rind, Diana Roach, Anita Sisneros, Andrea Souza, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and Leslie Yoakum. However, the undersigned will not order service on the California Department of Consumer Affairs or CSLB because those defendants are, as discussed below, immune from suit and should be dismissed from the action with prejudice.

      A.      Eleventh Amendment Immunity

All eleven of plaintiff's claims seek damages against defendants.[6] The defendants in this case consist of two state agencies—the California Department of Consumer Affairs and CSLB—and individual defendants alleged to be employees of CSLB. (Ninth Am. Compl. ¶¶ 4, 6.) Plaintiff has sued the individual defendants in their official and individual capacities. (Id. ¶¶ 4, 7.) Because of the immunity from suit provided by the Eleventh Amendment to the United States Constitution, the undersigned will recommend that plaintiff's claims against the California Department of Consumer Affairs and CSLB be dismissed with prejudice and that those

---

[5] To the extent that the court orders service of plaintiff's complaint after the District Judge assigned to this case has resolved the undersigned's proposed findings and recommendations, the remaining individual defendants are in no way precluded from challenging plaintiff's Ninth Amended Complaint through a timely motion brought pursuant to Federal Rule of Civil Procedure 12, motion for summary judgment, or other appropriate method of challenging plaintiff's pleading.

[6] Plaintiff does not seek injunctive relief. (See Ninth Am. Compl. at 38.)

defendants be dismissed from this action with prejudice.  Additionally, the undersigned will recommend that all of plaintiff's claims be dismissed with prejudice as to the individual defendants to the extent that plaintiff has sued those defendants in their official capacities.  However, plaintiff will be permitted to proceed against the individual defendants on all but his tenth and eleventh claims for relief[7] to the extent that he has sued the individual defendants in their individual capacities.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states.  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  The Eleventh Amendment also "bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Alolelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1146 (9th Cir. 2007); accord Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that damages claims alleged against the Superior Court and its employees barred by Eleventh Amendment immunity); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Although state officials literally are persons, an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself" (citation and quotation marks omitted).).

However, state officials sued in their individual capacities, as opposed to their official capacities do not enjoy Eleventh Amendment immunity from damages claims brought pursuant to 42 U.S.C. § 1983 in federal court.  Hafer, 502 U.S. at 30-31 ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983" (citation omitted).); accord Suever v. Connell, 579 F.3d 1047, 1061 (9th Cir. 2009).  Moreover, the Eleventh Amendment does not bar supplemental state law claims

---

[7] As discussed below, the undersigned will recommend that plaintiff's tenth and eleventh claims be dismissed with prejudice as to all defendants.

5

1  seeking damages against a state official sued in his or her individual capacity.  Ashker v. Cal.
2  Dep't of Corrections, 112 F.3d 392, 394-95 (9th Cir. 1997) (citing Pena v. Gardner, 976 F.2d
3  469, 473-74 (9th Cir. 1992) (per curiam)).
4  　　　　　Here, plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986
5  against the California Department of Consumer Affairs and CSLB are barred by the Eleventh
6  Amendment because those agencies are arms of the State of California.  The Ninth Circuit Court
7  of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment
8  immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court
9  has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity."
10 Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.1999) (citations and quotation marks
11 omitted).  As a suit against the State agencies here is in effect a suit against the State of
12 California, plaintiff's Section 1983 claims against the California Department of Consumer
13 Affairs and CSLB are barred by Eleventh Amendment immunity.
14 　　　　　Similarly, because a party cannot state a conspiracy claim under 42 U.S.C. § 1985
15 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983, plaintiff's Section
16 1985 claims against the California Department of Consumer Affairs and CSLB are also barred by
17 Eleventh Amendment immunity.  See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir.
18 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985
19 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989); see
20 also Goethe v. California, No. 2:07-cv-01945-MCE-GGH, 2008 WL 3863601, at *5 (E.D. Cal.
21 Aug. 19, 2008) (concluding that Section 1985 claim failed because sovereign immunity barred
22 plaintiff's Section 1983 claim); Vaughn v. Regents of Univ. of Cal., 504 F. Supp. 1349, 1352
23 (E.D. Cal. 1981) (concluding that plaintiff's damages claims for past wrongful conduct brought
24 pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 were barred by Eleventh Amendment
25 immunity).  Moreover, because a plaintiff can only state a claim under 42 U.S.C. § 1986 if the
26 operative complaint contains a valid claim brought pursuant to 42 U.S.C. § 1985, plaintiff's

claims brought pursuant to 42 U.S.C. § 1986 are likewise barred. <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1040 (9th Cir. 1990) (citing <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985)); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 626 (9th Cir. 1988).

In addition, plaintiff's third claim for relief, brought pursuant to California's Bane Act, Cal. Civ. Code § 52.1, against the State agency defendants is barred by Eleventh Amendment immunity. <u>See</u> <u>Harper ex rel. Harper v. Poway Unified Sch. Dist.</u>, 345 F. Supp. 2d 1096, 1115 (S.D. Cal. 2004); <u>Rodriguez v. Cal. Highway Patrol</u>, 89 F. Supp. 2d 1131, 1142-43 (N.D. Cal. 2000); <u>Doe By and Through Doe v. Petaluma City School Dist.</u>, 830 F. Supp. 1560, 1582 n.20 (N.D. Cal. 1993); <u>McAfee v. California</u>, No. 1:07-CV-00577-OWW-NEW, 2007 WL 2199167, at *2 (E.D. Cal. July 27, 2007) (unpublished).

Furthermore, plaintiff's tort claims for intentional and negligent infliction of emotional distress against the State agencies are barred by Eleventh Amendment immunity.[8] Although the State of California has waived its sovereign immunity through the California Tort Claims Act with respect to tort actions brought in state court, <u>see</u> Cal. Gov't Code § 945, that waiver does not effectuate a waiver of its Eleventh Amendment immunity from tort suits in federal court. <u>BV Eng'g v. Univ. of Cal., L.A.</u>, 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the waiver of sovereign immunity in the California Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court), <u>cert.</u> <u>denied</u>, 489 U.S. 1090 (1989); <u>see</u> <u>also</u> <u>Guzman v. Van Demark</u>, 651 F. Supp. 1180, 1183-84 (C.D. Cal. 1987) ("It has long been recognized that a state may waive its state sovereign immunity without relinquishing its eleventh amendment immunity."); <u>accord</u> <u>Kirchmann v. Lake Elsinore Unified Sch. Dist.</u>, 83 Cal. App. 4th 1098, 1103, 100 Cal. Rptr. 2d 289, 293 (Ct. App. 2000) ("Tort actions may be

---

[8] To the extent that subject matter jurisdiction over plaintiff's state law tort claims is premised on the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, the Ninth Circuit Court of Appeals has held that "28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims." <u>Stanley v. Trustees of Cal. State Univ.</u>, 433 F.3d 1129, 1133-34 (9th Cir. 2006).

brought against the state or its agencies in state court under the California Tort Claims Act (Gov.Code, §§ 810 et seq.) but may not be brought in federal court, because the consent to suit contained in the act (Gov.Code, § 945) is not a waiver of Eleventh Amendment immunity.").

For similar reasons, plaintiff's state law tort claims and claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 are barred by the Eleventh Amendment to the extent that plaintiff has alleged such claims against the individual defendants, who are alleged to be employees or officials of CSLB, in their official capacities.  Nevertheless, because the Eleventh Amendment does not bar damages claims against state officials or employees sued for damages in their individual capacities, plaintiff's claims (except, as discussed below, those alleged pursuant to 42 U.S.C. §§ 1985 and 1986) may at this time proceed against the individual defendants in their official capacities.  The undersigned recommends below that plaintiff's claims alleged pursuant to 42 U.S.C. §§ 1985 and 1986 be dismissed with prejudice as to all defendants.

    B.   Claims Alleged Pursuant to 42 U.S.C. §§ 1985 and 1986

Plaintiff's claims alleged pursuant to 42 U.S.C. §§ 1985 and 1986 should be dismissed with prejudice as to all defendants for the following additional reasons.  In relevant part, 42 U.S.C. § 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  However, section 1985(3) only applies in cases involving discrimination against suspect or quasi-suspect classes, or against groups that have been afforded special federal protection of their civil rights.  See Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) ("We have extended § 1985(3) to protect non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection'" (modifications in original).) (citing Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)); accord RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002); Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002).  Additionally, as noted

above, a plaintiff can only state a claim under 42 U.S.C. § 1986 if the operative complaint contains a valid claim brought pursuant to 42 U.S.C. § 1985.  Sanchez, 936 F.2d at 1040; accord Karim-Panahi, 839 F.2d at 626.

Plaintiff has not alleged membership in a suspect class or group afforded special federal civil rights protection, and nothing in his operative complaint suggests that he could do so.  Thus, plaintiff does not state a claim under either section 1985 or section 1986, and the undersigned will recommend that plaintiff's claims alleged pursuant to 42 U.S.C. §§ 1985 and 1986—his tenth and eleventh claims for relief—be dismissed with prejudice as to all defendants.

## III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (Dkt. No. 3) is granted, but service of plaintiff's Ninth Amended Complaint on the defendants identified above will be directed by a separate order after the United States District Judge assigned to this case has acted upon the recommendations stated below.

It is FURTHER RECOMMENDED that:

1. Plaintiffs' claims alleged against the California Department of Consumer Affairs and the Contractors State Licensing Board be dismissed with prejudice as barred by those agency defendants' Eleventh Amendment immunity, and that the California Department of Consumer Affairs and the Contractors State Licensing Board be dismissed from this action;

2. All of plaintiffs' claims alleged against the remaining individual defendants be dismissed with prejudice to the extent that plaintiff has alleged such claims against the individual defendants in their official capacities; and

3. Plaintiff's tenth and eleventh claims for relief brought pursuant to 42 U.S.C. §§ 1985 and 1986, respectively, be dismissed with prejudice as to all defendants on the alternative grounds stated above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: June 10, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE