1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN KENT,

11            Plaintiff,              No. 2:09-cv-02905 FCD KJN PS

12        v.

13   CALIFORNIA DEPARTMENT OF
     CONSUMER AFFAIRS,
14   CONTRACTORS STATE LICENSE
     BOARD, et al.,
15
              Defendants.            ORDER
16   _____/

17            On November 30, 2010, the following defendants filed a motion to dismiss

18   plaintiff's Ninth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b): Kevin

19   Carr, Thomas Ebling, Jim Kleiman, Rick Lopez, Patricia Nelson, Sue Payne, Diana Roach, Anita

20   Sisneros, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and Leslie Yocum-Howell.

21   (the "Moving Defendants")[1]  (Dkt. No. 28.)  The Moving Defendants noticed their motion to

22   dismiss for a hearing to take place before the undersigned on January 13, 2011.  Pursuant to this

23   court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of

24   non-opposition to the Moving Defendants' motion at least fourteen days prior to the hearing date,

25   _____

26            [1] This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  or by December 30, 2010.  See E. Dist. Local Rule 230(c).[2]  The court's docket reveals that

2  plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of

3  non-opposition with respect to the Moving Defendants' motion to dismiss.

4          Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

5  comply with these Rules or with any order of the Court may be grounds for imposition by the

6  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

7  Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

8          Any individual representing himself or herself without an attorney is
   bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
9          and all other applicable law.  All obligations placed on "counsel" by these
   Rules apply to individuals appearing in propria persona.  Failure to comply
10         therewith may be ground for dismissal . . . or any other sanction
   appropriate under these Rules.

11

12 See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

13 same rules of procedure that govern other litigants.").  Case law is in accord that a district court

14 may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal

15 Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

16 comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3]

17 See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

18 _____

19    [2]  Eastern District Local Rule 230(c) provides:

20         **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting
   of the motion shall be in writing and shall be filed and served not less than
21         fourteen (14) days preceding the noticed (or continued) hearing date.  A
   responding party who has no opposition to the granting of the motion shall
22         serve and file a statement to that effect, specifically designating the motion
   in question.  No party will be entitled to be heard in opposition to a motion
23         at oral arguments if opposition to the motion has not been timely filed by
   that party. . . .

24    [3]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district
   court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of
25 Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v.
   Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

26

1   *sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S.</u>

2   <u>Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

3   pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

4   or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52,

5   53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

6   for dismissal."); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

7   Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

8   any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th

9   Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets

10   and may impose sanctions including dismissal).

11              In light of the foregoing, IT IS HEREBY ORDERED that:

12              1.      The hearing on the Moving Defendants' motion to dismiss plaintiff's

13   Ninth Amended Complaint (Dkt. No. 28), which is presently set for January 13, 2011, is

14   continued until February 17, 2011.

15              2.      Plaintiff shall file a written opposition to the motion to dismiss, or a

16   statement of non-opposition thereto, on or before January 20, 2011.  *Plaintiff's failure to file a*

17   *written opposition will be deemed a statement of non-opposition to the pending motion and*

18   *consent to the granting of the motion to dismiss, and shall constitute an additional ground for the*

19   *imposition of appropriate sanctions, including a recommendation that plaintiff's case be*

20   *involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

21              3.      The Moving Defendants may file a written reply to plaintiff's opposition,

22   if any, on or before February 3, 2010.

23   ////

24   ////

25   ////

26

1    IT IS SO ORDERED.

2    DATED:  January 4, 2011

3

4    _____
     KENDALL J. NEWMAN
5    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26