1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN KENT,

11          Plaintiff,                    No. 2:09-cv-02905 KJM[1] KJN PS

12          v.

13   CALIFORNIA DEPARTMENT OF
     CONSUMER AFFAIRS,
14   CONTRACTORS STATE LICENSE
     BOARD, et al.,
15
            Defendants.                   ORDER TO SHOW CAUSE and FINDINGS
16                                        AND RECOMMENDATIONS

17   _____/

18          Presently before the court is a motion to dismiss plaintiff's Ninth Amended

19   Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the following

20   defendants: Kevin Carr, Thomas Ebling, Jim Kleiman, Rick Lopez, Patricia Nelson, Sue Payne,

21   Diana Roach, Anita Sisneros, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and

22   ////

23

24   _____

25          [1] On January 21, 2011, United States District Judge Kimberly J. Mueller was assigned as the
     district judge presiding over this case.  (See Order of Reassignment, Dkt. No. 35.)  This action
26   proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and
     28 U.S.C. § 636(b)(1).

1  Leslie Yocum-Howell (collectively, "defendants").[2]  (Dkt. No. 28.)  The court heard this matter

2  on its law and motion calendar on February 17, 2011.  (Minutes, Dkt. No. 40.)  Deputy Attorney

3  General James W. Walter appeared on behalf of defendants.  Plaintiff, who is proceeding without

4  counsel and in forma pauperis, appeared on his own behalf.  The undersigned has considered the

5  briefs, oral arguments, and the appropriate portions of the record in this case and, for the reasons

6  stated below, recommends that defendants' motion to dismiss be granted in part and denied in

7  part.  Specifically, the undersigned recommends that plaintiff's first, second, third, fourth, fifth,

8  and seventh claims for relief be dismissed with prejudice as to defendants Carr, Ebling, Kleiman,

9  Lopez, Nelson, Payne, Roach, Sisneros, Stirewalt, Takimoto, Vega, Villucci, and Yocum-

10  Howell.  The undersigned further recommends that plaintiff's sixth claim for relief be dismissed

11  with leave to amend, and that such amended complaint may also contain the eighth and ninth

12  claims for relief with accompanying documentation.  Additionally, the undersigned orders

13  plaintiff to show good cause why his claims against defendants Jacqueline Maes, Stuart Rind,

14  and Andrea Souza should not be dismissed with prejudice pursuant to Federal Rules of Civil

15  Procedure 4(m) and 41(b).

16  I.      BACKGROUND

17          On October 19, 2009, plaintiff filed his complaint and application to proceed in

18  forma pauperis.  (Dkt. Nos. 1, 3.)  Between October 19, 2009, and January 13, 2010, plaintiff

19  amended his complaint eight times before the court was able to screen any of his complaints

20  pursuant to 28 U.S.C. § 1915.  (See Dkt. Nos. 4-7, 9, 11-14.)

21          On June 11, 2009, the undersigned screened plaintiff's Ninth Amended Complaint

22  and entered an order and findings and recommendations regarding the same.  (Order and

23  Findings & Recommendations, June 11, 2010, Dkt. No. 17.)  The court subsequently dismissed

24  ─────────────────────

25          [2]  The court's docket reflects that the remaining defendants—Jacqueline Maes, Stuart Rind,
    and Andrea Souza—have not yet been served with process.  Although these findings and
26  recommendations refer to the moving defendants as "defendants," that shorthand term does not
    encompass Maes, Rind, and Souza.

with prejudice: (1) all of plaintiff's claims brought against the California Department of

Consumer Affairs and the Contractors State Licensing Board; (2) all of plaintiff's claims against

all individual defendants in this action insofar as they were sued in their official capacities;

(3) plaintiff's tenth and eleventh claims for relief brought pursuant to 42 U.S.C. §§ 1985 and

1986, in their entirety.  (See Order, July 20, 2010, Dkt. No. 20.)  Accordingly, plaintiff's Ninth

Amended Complaint, as narrowed by the court's orders, is the operative complaint.  What

remains are nine claims for relief alleged against 16 individual defendants sued only in their

individual or personal capacities.  (See Ninth Am. Compl. ¶ 7.)  Insofar as the individually

named defendants are concerned, the Ninth Amended Complaint alleges that they are or were

employees of the Contractors State Licensing Board ("CSLB") at all relevant times.  (See id. ¶ 4.)

Plaintiff alleges that he is a contractor who controlled a California corporation

called "DSI Construction, Demolition and Engineering," as its primary shareholder and chief

executive officer.  (See Ninth Am. Compl. ¶ 9.)  Plaintiff alleges that on October 13, 2005, he

was caught in a CSLB sting operation at a home and "was absurdly arrested and uncooperatively

detained for a time longer than necessary or allowed by law under the false pretense of

contracting without a license" by defendants Rick Villuci, Rick Lopez, and unknown CSLB

employees, with the assistance of Placer County Sheriff's Deputies.  (Id. ¶ 19; see also id. ¶¶ 20,

86.)  Plaintiff further alleges that he was questioned by Lopez and that one or more of the

unknown CSLB employees threatened plaintiff with immediate and prolonged imprisonment for

requesting to speak to an attorney or invoking his right to remain silent.  (See id. ¶ 23.)  Plaintiff

alleges that Lopez forced plaintiff to read aloud from California Business and Professions Code

§§ 7027 and 7028.[3]  (Id. ¶ 24.)

Plaintiff alleges that after being interrogated, plaintiff signed a Notice to Appear

_____

[3]  California Business and Professions Code §§ 7027 and 7028 pertain to the regulation of contractors.  Particularly relevant here is Section 7028.7, which relates to citations issued to contractors for acting or engaging in business as a contractor without a license or valid registration.  See Cal. Bus. & Prof. Code § 7028.7.

3

1  numbered A7773, which stated, in part: "Without admitting guilt, I promise to appear at the time

2  and place indicated below."  (Id. ¶ 28 & Ex. A.)  The Notice to Appear provided an appearance

3  date of December 2, 2005.  (Id. ¶ 29 & Ex. A.)

4       Plaintiff alleges that after signing the Notice to Appear, he remained handcuffed

5  and was placed in a "small backroom" in an uncomfortable chair and suffered "enduring physical

6  pain and emotional agony."  (Ninth Am. Compl. ¶ 30.)  Allegedly, plaintiff was further detained

7  and closely guarded because the sting was still proceeding in other parts of the home.  (Id. ¶¶ 30-

8  31.)

9       Central to this case, plaintiff alleges that on October 24, 2005, defendant Stuart

10  Rind "closed the plaintiff's case marked citation A7773 without giving written notice to anyone,"

11  including the Placer County District Attorney's Office, the Placer County Superior Court, or

12  plaintiff.  (Ninth Am. Compl. ¶¶ 33, 36.)

13       Plaintiff alleges that on December 2, 2005, he presented himself to the clerk of the

14  "Placer County Superior Criminal Division" to check in regarding his Notice to Appear.  (Ninth

15  Am. Compl. ¶ 37.)  The clerk allegedly informed plaintiff that his name and case did not appear

16  on the court's December 2, 2005 docket.  (Id. ¶ 38.)  The clerk was unable to provide written

17  confirmation "of this fact" and referred plaintiff to the Placer County District Attorney's Office,

18  which "orally confirmed that plaintiff had no current criminal charge pending against him in the

19  Placer County Criminal system."  (Id. ¶¶ 39-40.)  The district attorney's office allegedly referred

20  plaintiff to the CSLB for clarification.  (Id. ¶ 40.)  The CSLB allegedly informed plaintiff that

21  citation A7773 was forwarded to the district attorney's office, but would not provide written

22  confirmation of the same.  (Id. ¶ 43.)

23       As defendants note in their moving papers, either the Notice to Appear was not

24  referred to the Placer County District Attorney's Office or the Placer County District Attorney's

25  Office ignored the Notice to Appear.  (Defs.' Memo. of P. & A. In Supp. of Mot. to Dismiss

26  at 4.)  Additionally, plaintiff alleges that he repeatedly returned to the Placer County District

4

Attorney's Office and CSLB trying to be heard regarding the Notice to Appear, but was unsuccessful.  (Ninth Am. Compl. ¶ 45.)  Moreover, plaintiff alleges that beginning on December 2, 2005, CSLB employees "continuously maintained that a criminal action was pending in the CSLB system."  (Id. ¶ 47.)  Allegedly, the effect of this pending action in the CSLB system was that plaintiff was prevented from "legally contracting or selling services for any other contractor or qualifying for any other licensed capacity governed by the CSLB."  (Id. ¶ 48.)

Plaintiff alleges that his license was affected for the next two years.  (See Ninth Am. Compl. ¶¶ 51-53.)  Essentially, plaintiff alleges that his file at CSLB was "flagged" despite the fact that defendant Rind allegedly closed plaintiff's citation A7773 on October 24, 2005.  (Id. ¶¶ 53, 56.)  Plaintiff alleges that this issue with CSLB "put DSI Construction temporarily out of business."  (Id. ¶ 58.)

Additionally, plaintiff alleges that on August 19, 2006, the CSLB suspended DSI Construction's contractors license without providing any notice or opportunity to be heard. (Ninth Am. Compl. ¶¶ 58n, 58p.)  The CSLB provided plaintiff with notice of the suspension by letter on August 26, 2006.  (Id. ¶ 58n & Ex. M.)

Plaintiff alleges that on October 19, 2007, defendant Rick Villucci orally conveyed to plaintiff that an error had occurred in that the citation numbered A7773 was closed by defendant Rind on October 24, 2005.  (Ninth Am. Compl. ¶ 71.)  Plaintiff further alleges that on October 19, 2007, an administrative citation numbered "6-2007-1570" was issued "in substitute of the criminal violation, which stemmed from the plaintiff's arrest on October 13, 2005."  (Id. ¶ 72.)  A civil penalty of $1,500 was imposed on plaintiff.  (Id. ¶ 73.)

On March 12, 2008, plaintiff allegedly sent a certified letter to the CSLB demanding money damages in regards to his claims.  (Ninth Am. Compl. ¶ 88 & Ex. D (copies of Certified Mail Receipts).)  Plaintiff has not filed the actual letter with his Ninth Amended Complaint; he only filed the Certified Mail Receipts.  Plaintiff alleges that CSLB did not act in

1   response to plaintiff's letter.  (See id. ¶¶ 88, 132.)

2          Plaintiff alleges the following nine claims for relief.  First, plaintiff alleges a claim

3   pursuant to 42 U.S.C. § 1983 premised on the alleged denial of procedural due process for an

4   unreasonably long detention and failure to immediately release plaintiff.  (See Ninth Am. Compl.

5   ¶¶ 93-98.)  Plaintiff's second claim for relief, also alleged pursuant to 42 U.S.C. § 1983, asserts a

6   claim premised on the denial of procedural due process for failing to bring plaintiff before a

7   magistrate.  (Id. ¶¶ 99-104.)  Plaintiff's third claim for relief alleges a violation of the Tom Bane

8   Civil Rights Act, Cal. Civ. Code § 52.1.  (Ninth Am. Compl. ¶¶ 105-09.)    Plaintiff's fourth and

9   fifth claims for relief, alleged pursuant to 42 U.S.C. § 1983, claims that plaintiff's Sixth

10  Amendment "speedy trial" rights and Fourteenth Amendment due process rights were violated.

11  (See Ninth Am. Compl. ¶¶ 110-21.)  Plaintiff's sixth claim for relief alleges yet another Section

12  1983 claim for denial of procedural due process.  (Ninth Am. Compl. ¶¶ 122-24.)  In his seventh

13  claim for relief, plaintiff alleges a denial of due process, pursuant to Section 1983, for denial of

14  "fundamental fairness" in denying plaintiff an opportunity to be heard prior to the suspension of

15  his contractor's license.  (Ninth Am. Compl. ¶¶ 125-30.)  Plaintiff's eighth and ninth claims for

16  relief allege claims for intentional infliction of emotional distress and negligent infliction of

17  emotional distress, respectively.  (Ninth Am. Compl. ¶¶ 131-39.)

18          On November 30, 2010, defendants filed the pending motion to dismiss plaintiff's

19  Ninth Amended Complaint.  Although defendants noticed their motion to be heard on

20  January 13, 2011, plaintiff failed to file a timely written opposition or statement of non-

21  opposition to the motion to dismiss.  Accordingly, the court continued the hearing until

22  February 17, 2011, and ordered plaintiff to file an opposition or statement of non-opposition on

23  or before January 20, 2011.  (Order, Jan. 4, 2011, Dkt. No. 29.)  Although plaintiff did not file a

24  written opposition until February 3, 2011, he had previously filed a request for an extension of

25  time that included, in part, an opposition to the motion to dismiss.  (See Req. for Additional

26  Time to Respond, Dkt. No. 30; Pl.'s Opp'n to Mot. to Dismiss, Dkt. No. 37.)  Out of an

1  abundance of caution, the undersigned has considered both written oppositions in resolving

2  plaintiff's claims.  Defendants filed two reply briefs.  (Reply Br., Dkt. No. 36; Suppl. Reply Br.,

3  Dkt. No. 38.)

4          Also relevant here and discussed below, plaintiff previously filed a parallel action

5  in the matter of Kent v. Placer County District Attorney, et al., 2:07-cv-2361 MCE KJN PS (E.D.

6  Cal.) ("Kent I").[4]  That matter is still pending in this court.

7  II.    LEGAL STANDARDS

8          A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

9  challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

10  Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

11  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

12  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

13  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053

14  (2010).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual

15  allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its

16  face.'"  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v.

17  Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads

18  factual content that allows the court to draw the reasonable inference that the defendant is liable

19  for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812

20  (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in

21  the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v.

22  Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as

23  true conclusory allegations that are contradicted by documents referred to in the complaint, and

24

25      [4] Plaintiff also filed a petition for a writ of habeas corpus in this court regarding his dealings with CSLB.  (Kent v. Placer County, et al., 2:09-cv-2829 GEB DAD P (E.D. Cal.) ("Kent II").)  That petition was summarily dismissed because the face of the petition revealed that plaintiff was not

26  entitled to relief pursuant to 28 U.S.C. § 2241.  (See Kent II, Order, Sept. 24, 2010, Dkt. No. 12.)

1    [the court does] not necessarily assume the truth of legal conclusions merely because they are

2    cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks

3    omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and,

4    prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

5    to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

6    Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

7    Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on a motion to dismiss pursuant to Rule

8    12(b), the court "may generally consider only allegations contained in the pleadings, exhibits

9    attached to the complaint, and matters properly subject to judicial notice." Outdoor Media

10   Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks

11   omitted).

12          "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by

13   the applicable statute of limitations only when 'the running of the statute is apparent on the face

14   of the complaint.'"  Von Saher v. Norton Museum of Art at Pasadena, 592 F.3d 954, 969 (9th

15   Cir. 2010) (citing Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).  A court

16   may also consider judicially noticeable documents in assessing the running of the statute of

17   limitations.  See Diaz v. Carlson, 5 F. Supp. 2d 809, 815 (C.D. Cal. 1997); Hernandez v. Sutter

18   W. Capital, No. C 09-03658 CRB, 2010 WL 3385046, at *2 (N.D. Cal. Aug. 26, 2010)

19   (unpublished).  "[A] complaint cannot be dismissed unless it appears beyond doubt that the

20   plaintiff can prove no set of facts that would establish the timeliness of the claim." Von Saher,

21   592 F.3d at 969 (citation and quotation marks omitted, modification in original).

22   III.   DEFENDANTS' MOTION TO DISMISS

23          A.   Defendants' Eleventh Amendment and Preclusion-Based Arguments

24          In their reply brief, defendants argue for the first time that they are immune from

25   suit because: (1) they entitled to Eleventh Amendment immunity; and (2) an order entered by

26   United States Magistrate Judge Edmund F. Brennan in Kent I has preclusive effect in this action

1   in regards to defendants' Eleventh Amendment immunity argument.

2         Kent I proceeds on plaintiff's Second Amended Complaint and, in many respects,

3   relates to the same events raised in the Ninth Amended Complaint in the present action.  In the

4   Second Amended Complaint, filed in Kent I on May 27, 2008, plaintiff attempted to name the

5   California Department of Consumer Affairs, Contractors State License Board and its employees,

6   many of whom are named in the present action.  (Kent I, Second. Am. Compl., Dkt. No. 8.)

7   Plaintiff alleged that these employees conspired against him in connection with the citation for

8   contracting without a license.  (See Kent I, Order, July 23, 2008, at 5, Dkt. No. 9.)  In screening

9   plaintiff's claims against CSLB's employees in Kent I, Magistrate Judge Brennan stated:

10         The named state defendants are also immune.  Plaintiff alleges that
    the California Department of Consumer Affairs, Contractors State License
11       Board and its employees conspired against him in connection with the
    citation for contracting without a license.  See SAC, ¶¶ 73-74.  He seeks
12       compensatory damages for this alleged conspiracy.

13         However, claims for damages against the state, its agencies or its
    officers for actions performed in their official capacities are barred under
14       the Eleventh Amendment, unless the state waives its immunity.  Kentucky
    v. Graham, 473 U.S. 159, 169 (1985); see also Will v. Michigan Dep't of
15       State Police, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting
    in their official capacities are persons under § 1983).  Section 1983 does
16       not abrogate the states' Eleventh Amendment immunity from suit.  See
    Quern v. Jordan, 440 U.S. 332, 344-45 (1979).  Thus, plaintiff's claims for
17       damages against these state defendants cannot proceed.

18   (Id.) Judge Brennan did not specifically address the issue of immunity as it related to the claims

19   asserted against the individual defendants in their individual or personal capacities, as opposed to

20   their official capacities.

21         Defendants first argue that they are entitled to Eleventh Amendment immunity.

22   The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by

23   its own citizens or citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop.,

24   951 F.2d 1050, 1053 (9th Cir. 1991).  State officials sued for monetary damages in their official

25   capacities are not "persons" within the meaning of Section 1983 and, therefore, are generally

26   entitled to the Eleventh Amendment immunity because such a suit is viewed as one against the

1   state itself.  Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); see also Hafer v. Melo, 502

2   U.S. 21, 25 (1991) ("Although state officials literally are persons, an official-capacity suit against

3   a state officer is not a suit against the official, but rather is a suit against the official's office.  As

4   such it is no different from a suit against the State itself" (citation and quotation marks

5   omitted).).

6            Here, plaintiff clearly sued all of the individual defendants in their individual and

7   personal capacities.  (Ninth Am. Compl. ¶ 7 ("All the individual defendants herein are sued in

8   their individual and personal capacities.")  It is unclear whether plaintiff intended to sue

9   defendants in their official capacities.  As the undersigned concluded in screening the Ninth

10  Amended Complaint, defendants are plainly immune from suit under the Eleventh Amendment

11  to the extent that plaintiff has alleged Section 1983 claims for damages against them in their

12  official capacities.  (See Order and Findings & Recommendations, June 11, 2010, at 8, adopted

13  by Order, July 20, 2010.)

14           However, defendants are not immune from suit to the extent that plaintiff sued

15  them in their individual or personal capacities.  The Supreme Court has held that "state officials,

16  sued in their individual capacities, are 'persons' within the meaning of § 1983."  Hafer, 502 U.S.

17  at 31.  Thus, "the Eleventh Amendment does not erect a barrier against suits to impose

18  'individual and personal liability' on state officials under § 1983."  Id. at 30-31 (citation

19  omitted).  The Ninth Circuit Court of Appeals has held that to succeed on the merits of a claim

20  seeking to impose personal liability on a state official, "a plaintiff must show only that 'the

21  official, acting under color of state law, caused the deprivation of a federal right.'"  Suever v.

22  Connell, 579 F.3d 1047, 1061 (9th Cir. 2009) (citing Hafer, 502 U.S. at 25).  In such a case, "the

23  Eleventh Amendment is not implicated, because the claim is truly against the individual, not the

24  ////

25  ////

26  ////

10

1    State." Id.[5]

2              As noted above, plaintiff has sued defendants in "their individual and personal

3    capacities." (Ninth Am. Compl. ¶ 7.)  Plaintiff's claims alleged against defendants personally or

4    individually do not implicate Eleventh Amendment immunity.

5              The undersigned rejects defendants' preclusion-based argument that is premised

6    on Judge Brennan's Order in Kent I.  As an initial matter, it is unclear what type of preclusion

7    doctrine defendants would have the court apply.  Moreover, defendants present far too

8    perfunctory a preclusion analysis, and the undersigned need not prepare defendants' arguments

9    for them.

10        B.    Plaintiff's First, Second, Third, and Seventh Claims For Relief Are Time-Barred

11             Plaintiff's first, second, and third claims for relief directly relate to plaintiff's

12   arrest and seizure during CSLB's sting operation that occurred on October 13, 2005.  (See Ninth

13   Am. Compl. ¶¶ 93-109.)  Plaintiff's first and second claims allege violations of Section 1983

14   premised on the denial of procedural due process under the Fourteenth Amendment.  His third

15   claim alleges a violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 ("Bane Act"),

16   a California civil rights statute.  Plaintiff's seventh claim for relief is also brought pursuant to

17   Section 1983 and alleges that DSI Construction's contractor's license was suspended without a

18   hearing.  The undersigned recommends that plaintiff's first, second, third, and seventh claims for

19   relief be dismissed with prejudice as barred by the applicable statutes of limitation.

20             a.    Plaintiff's First, Second, and Seventh Claims For Relief

21             Plaintiff alleges his first, second, and seventh claims for relief pursuant to 42

22   U.S.C. § 1983.  "Section 1983 does not contain a statute of limitations."  Fink v. Shedler, 192

23

24             [5] It is unclear whether defendants intend to argue that they are immune from liability under
     the Eleventh Amendment because, despite the manner in which plaintiff pled his claims, they were
25   *acting* in their official capacities when plaintiff was allegedly injured.  In any event, the Supreme
     Court squarely rejected this argument in Hafer, 502 U.S. at 27-28.  See also Suever, 579 F.3d at
26   1060-61.

                                                    11

1 F.3d 911, 914 (9th Cir. 1999).  Rather, the United States Supreme Court has held that although

2 Section 1983 provides for a federal cause of action, the law of the state in which the cause of

3 action arose governs the length of the statute of limitations.  Wallace v. Kato, 549 U.S. 384, 387

4 (2007).  The limitation period that a state provides for "personal-injury torts" applies to Section

5 1983 claims.  Id.  Under California law, the statute of limitations applicable to personal injury

6 torts is two years.[6]  See Cal. Civ. Proc. Code § 335.1; see also Jones v. Blanas, 393 F.3d 918, 927

7 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004); Ambrose v. Coffey,

8 696 F. Supp. 2d 1119, 1131 (E.D. Cal. 2010).

9        Although state law governs the length of the applicable limitations period, federal

10 law governs the accrual of a Section 1983 claim.  Wallace, 549 U.S. at 388 (stating that "the

11 accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by

12 reference to state law").  "Under federal law, the limitations period accrues when a party knows

13 or has reason to know of the injury which is the basis of the cause of action."  Kimes v. Stone, 84

14 F.3d 1121, 1128 (9th Cir. 1996) (citation and quotation marks omitted); accord Johnson v. State

15 of California, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam).  Stated somewhat differently, the

16 Supreme Court has explained that the standard rule is that accrual occurs when the plaintiff has

17 "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."

18 Wallace, 549 U.S. at 388 (citations and quotation marks omitted).  Section 1983 claims premised

19 on an alleged false arrest or illegal search and seizure generally accrue at the time of the alleged

20 false arrest or search and seizure.  See Matthews v. Macanas, 990 F.2d 467, 469 (9th Cir. 1993),

21 abrogated on other grounds; Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983) (per

22 curiam).

23        Here, plaintiffs' first and second claims for relief pertain to his detention and

24 arrest on October 13, 2005.  Accordingly, plaintiff's claims accrued on that date, and plaintiff

25

26        [6] The parties do not dispute that all of the events that give rise to plaintiff's claims took place in California.

1  was required to file his claims by October 13, 2007.  Plaintiff did not file this action until

2  October 19, 2009, and, accordingly, his first and second claims for relief are time-barred.

3        Plaintiff argues that his claims were tolled until October 19, 2007, when plaintiff

4  was finally informed by defendant Villucci that the October 13, 2005 Notice to Appear had been

5  "closed" on October 24, 2005.  Defendants argue that no tolling should apply here because

6  plaintiff never faced a criminal charge and, in the alternative, at most 25 days of tolling could be

7  applied under the reasoning from Torres v. City of Santa Ana, 108 F.3d 224 (9th Cir. 1997).

8        In assessing the timeliness of claims brought pursuant to 42 U.S.C. § 1983, courts

9  apply the forum state's laws regarding tolling except to the extent that such laws are inconsistent

10  with federal law.  See, e.g., Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)

11  (citing Jones, 393 F.3d at 927); Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002).  California

12  Government Code § 945.3 provides, in relevant part:

13  
14        No person charged by indictment, information, complaint, or other
       accusatory pleading charging a criminal offense may bring a civil action
       for money or damages against a peace officer or the public entity
15        employing a peace officer based upon conduct of the peace officer relating
       to the offense for which the accused is charged, including an act or
       omission in investigating or reporting the offense or arresting or detaining
16        the accused, while the charges against the accused are pending before a
       superior court.

17
18        Any applicable statute of limitations for filing and prosecuting these
       actions shall be tolled during the period that the charges are pending
       before a superior court.
19

20  In Torres v. City of Santa Ana, the Court of Appeals rejected an argument that premised tolling

21  of a Section 1983 claim on a pending notice to appear.  It held that under California Penal Code

22  § 853.6(e), which addresses notices to appear, a notice to appear essentially expires after 25 days

23  from the time of arrest and that any criminal charges would have to be filed under a new and

24  separate citation or arrest warrant.  See Torres, 108 F.3d at 227.  Accordingly, the court held that

25  criminal charges were not pending after the 25-day period and, thus, under California

26  Government Code § 945.3, the limitations period was only tolled for 25 days.

13

1    The reasoning in <u>Torres</u> is persuasive here, and plaintiff was only entitled to 25

2    days of tolling as a result of the Notice to Appear in this case.  Accordingly, plaintiff had to bring

3    his first and second claims on or before November 8, 2007.  He did not and, accordingly, his first

4    and second claims for relief are time-barred.

5    Plaintiff's seventh claim for relief alleges that DSI Construction's license was

6    summarily suspended without due process on August 16, 2006, and that plaintiff was notified of

7    that suspension on August 26, 2006.  Accordingly, assuming plaintiff has standing to pursue a

8    claim on behalf of the corporation, plaintiff had to file his claim on or before August 26, 2008.

9    He did not, and his claims are barred.  Plaintiff offers no persuasive basis upon which to toll this

10    claims.  Accordingly, the undersigned recommends that plaintiff's seventh claim for relief be

11    dismissed with prejudice as untimely brought.

12        b.    <u>Plaintiff's Third Claim for Relief</u>

13    Plaintiff's third claim for relief alleges a violation of the Bane Act, Cal. Civ. Code

14    § 52.1, and relates to plaintiff's detention and arrest on October 13, 2005.  "[California] Civil

15    Code section 52.1 authorizes an action at law, a suit in equity, or both, against anyone who

16    interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or

17    enjoyment of rights secured by federal or state law."[7]  <u>Jones v. Kmart Corp.</u>, 17 Cal. 4th 329,

18

19        [7] California Civil Code §§ 52.1(a)-(b) provide, in part:

20    (a) If a person or persons, whether or not acting under color of law, interferes
       by threats, intimidation, or coercion, or attempts to interfere by threats,

21    intimidation, or coercion, with the exercise or enjoyment by any individual
       or individuals of rights secured by the Constitution or laws of the United

22    States, or of the rights secured by the Constitution or laws of this state, the
       Attorney General, or any district attorney or city attorney may bring a civil

23    action for injunctive and other appropriate equitable relief in the name of the
       people of the State of California, in order to protect the peaceable exercise or

24    enjoyment of the right or rights secured. . . .

25    (b) Any individual whose exercise or enjoyment of rights secured by the
       Constitution or laws of the United States, or of rights secured by the

26    Constitution or laws of this state, has been interfered with, or attempted to be

14

331, 949 P.2d 941, 942 (1998).  "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law."  Fenters v. Yosemite Chevron, 761 F. Supp. 2d 957, 996 (E.D. Cal. 2010) (quoting Austin B. v. Escondido Union School Dist., 149 Cal. App. 4th 860, 883, 57 Cal. Rptr. 3d 454 (Ct. App. 2007)); accord Bailey v. County of San Joaquin, 671 F. Supp. 2d 1167, 1179 (E.D. Cal. 2009).

Here, plaintiff alleges that the presence of armed CSLB peace officers and Placer County sheriffs at the home where the sting was conducted on October 13, 2005, "constitute[d] an act and/or acts which threatened the physical and economic wellbeing [sic] of the plaintiff as construed in the Bane Act."  (See Ninth Am. Compl. ¶ 107.)  The two-year limitations period found in California Civil Code § 335.1 governs Bane Act claims.  Fenters, 761 F. Supp. 2d at 995-96; see also Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 760, 120 Cal. Rptr. 2d 550, 561 (Ct. App. 2002) (applying then-applicable California Civil Code § 340, governing claims sounding in tort, to an alleged Bane Act claim).  As plaintiff knew of the alleged acts that give rise to Bane Act claim on October 13, 2005, he was required to file his claim on or before October 13, 2007.  Plaintiff did not do so and has provided no persuasive basis for tolling the limitation period applicable to his Bane Act claim.  Accordingly, the undersigned recommends that plaintiff's third claim for relief be dismissed with prejudice as barred by the statute of limitations.

C.    Plaintiff's Fourth and Fifth Claims For Relief Are Subject to Dismissal

Plaintiff's fourth and fifth claims for relief, alleged pursuant to 42 U.S.C. § 1983,

interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

1    allege violations of plaintiff's right to a speedy trial as provided by the Sixth Amendment to the

2    U.S. Constitution.  The undersigned recommends that these claims be dismissed with prejudice.

3          In relevant part, the Sixth Amendment to the U.S. Constitution provides: "In all

4    criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an

5    impartial jury of the State and district wherein the crime shall have been committed . . . ."  The

6    Supreme Court has held that the Sixth Amendment's guarantee of a speedy trial does not apply

7    until there has been a "formal indictment or information or else the actual restraints imposed by

8    arrest and holding to answer a criminal charge."  United States v. Marion, 404 U.S. 307, 320

9    (1971).  Here, it is questionable whether the Notice to Appear triggered plaintiff's constitutional

10   speedy trial rights given that no formal complaint, information, or indictment was ever filed, but

11   it is at least arguable that such is the case.  See cf. Torres, 108 F.3d at 226-27 (construing a notice

12   to appear as an "accusatory pleading" for the purpose of assessing the tolling of the statute of

13   limitations).  Assuming that the Notice to Appear was sufficient to trigger plaintiff's Sixth

14   Amendment right to a speedy trial, the proper remedy for such a violation is the dismissal of the

15   indictment.  See Strunk v. United States, 412 U.S. 434, 439 (1973); United States v. Simmons,

16   536 F.2d 827, 831 n.14 (9th Cir. 1976).  Instead, plaintiff seeks damages in this action and,

17   moreover, no criminal charges are presently pending that the court could order dismissed.

18   Accordingly, the undersigned recommends that plaintiff's fourth and fifth claims for relief be

19   dismissed with prejudice.

20         D.    Plaintiff's Sixth Claim for Relief Fails to State A Claim

21         Plaintiff's sixth claim for relief is alleged pursuant to 42 U.S.C. § 1983 and, as

22   pled, is virtually indecipherable.  Defendants' motion to dismiss was similarly unclear insofar as

23   plaintiff's sixth claim for relief is concerned.  At the hearing defendants clarified that they were

24   moving to dismiss this claim for failure to state a claim, and not on statute of limitations grounds.

25   The undersigned recommends that this claim be dismissed without prejudice and that plaintiff be

26   given leave to amend this claim.

Plaintiff's sixth claim for relief alleges a violation of his procedural due process rights under the Fourteenth Amendment.  This claim, which confusingly incorporates the first 92 paragraphs of the Ninth Amended Complaint, alleges the following:

> 123.  The defendants extended their legal scope against the plaintiff beyond their legitimate state police power.
>
> 124.  The defendants, on several occasions mirrored the statement given by Diana Roach, a defendant acting in her official capacity as Supervising Case Manager overseeing the plaintiff's case who explicitly and orally informed the plaintiff,
>
>> I cannot clear this out until Placer County gives us something.  Placer County needs to say what the outcome of the court was, or a letter from them saying they never received anything, they never prosecuted, that you're not in their system. . . .

(Ninth Am. Compl. ¶¶ 123-24.)

Plaintiff's claim is subject to dismissal for failure to state a claim.  "A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection."  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010); accord Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005) ("A procedural due process claim hinges on proof of two elements: (1) a protectible liberty or property interest . . . ; and (2) a denial of adequate procedural protections.") (citation and quotation marks omitted).  It is unclear from plaintiff's Ninth Amended Complaint what constitutionally protected liberty or property interest is at issue in the sixth claim for relief.  Similarly, it is unclear what adequate procedural protection was denied.  Accordingly, the undersigned recommends that plaintiff's sixth claim for relief be dismissed.

However, the undersigned recommends that such dismissal be with leave to amend.  At the hearing on defendants' motion to dismiss, plaintiff attempted to clarify the premise of his sixth claim for relief.  It appears that plaintiff intends to allege that from October

17

13, 2005, until October 19, 2007, he was denied any opportunity to have the Notice to Appear adjudicated either by the superior court in connection with a criminal proceeding or by CSLB; he alleges that, as a result, he was denied the opportunity to work in the State of California during this period.  Plaintiff contends that following the issuance of the Notice to Appear, he attempted to resolve the Notice to Appear with the superior court, the district attorney's office, and CSLB's employees, but was unsuccessful and ultimately referred back to CSLB for clarification. Ultimately, on October 19, 2007, he was told that the Notice to Appear had been withdrawn on October 24, 2005.  However, plaintiff appears to contend that during the interim, he was consistently and incorrectly told by CSLB's employees that there was nothing that they could do to resolve the Notice to Appear.  Additionally, plaintiff appears to allege that the Notice to Appear resulted in a "flag" on his file, which prevented him from working as a contractor or selling contracting services contracting services in California or from applying for a new contractors license.  He contends that CSLB's employees' actions effectuated a denial of procedural due process in that plaintiff was precluded from adjudicating the Notice to Appear or otherwise applying for a new license.[8]

The undersigned does not conclude herein that plaintiff will be able to state a plausible procedural due process claim if given leave to amend.  However, based on plaintiff's representations at the hearing, he should be given a final opportunity to attempt to state a claim.

E.   Plaintiff's State Law Claims

Plaintiff's remaining state law claims are his eighth and ninth claims for relief, which allege that defendants are liable for intentional infliction of emotional distress and

////

////

---

[8]  Plaintiff appears to further contend that CSLB's employees' failure to notify him that the Notice to Appear had been withdrawn violated the notice provisions in California Penal Code § 835.6.

1    negligent infliction of emotional distress.[9]  (Ninth Am. Compl. ¶ 131-39.)  Defendants move to

2    dismiss these claims on the ground that plaintiff has not alleged compliance with the presentation

3    requirements of the California's Government Claims Act.[10]

4            California's Government Claims Act, which is also known as the California Tort

5    Claims Act,[11] provides that a party seeking to recover money damages from a public entity or its

6    employees must submit a claim to the entity before filing suit in court, generally no later than six

7    months after the cause of action accrues.  See Cal. Govt. Code §§ 905, 911.2, 945.4, 950-950.2.

8    The purpose of this claims presentation requirement is "to provide the public entity sufficient

9    information to enable it to adequately investigate claims and to settle them, if appropriate,

10   without the expense of litigation."  Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins.

11   Auth., 34 Cal.4th 441, 446, 99 P.3d 500, 502 (2004) (citation and quotation marks omitted).

12   Timely presentation of claims is not merely a procedural requirement but is an element of the

13   plaintiff's cause of action.  Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209, 164 P.3d 630,

14   634 (2007) ("Timely claim presentation is not merely a procedural requirement, but is, as this

15   court long ago concluded, a condition precedent to plaintiff's maintaining an action against

16   defendant, and thus an element of the plaintiff's cause of action" (citation and quotation marks

17   omitted).).  A plaintiff may sue the public entity and its employees only after the entity has acted

18   upon or is deemed to have rejected the claim.  Id.; see also Mangold v. Cal. Pub. Utilities

19   Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a

20

21        [9]  Plaintiff's claim for negligent infliction of emotional distress consists of one allegation

22   incorporating by reference paragraphs 1 through 92 and 131 through 138 of the Ninth Amended
     Complaint.

23        [10]  Defendants also move to dismiss plaintiff's Bane Act claim, his third claim for relief, on

24   the same grounds.  The undersigned already recommended above that plaintiff's third claim for relief
     be dismissed as time-barred.

25        [11]  In 2007, the California Supreme Court adopted the practice of using the title "Government

26   Claims Act" instead of the more traditional "California Tort Claims Act."  See City of Stockton v.
     Superior Court, 42 Cal. 4th 730, 741-42 & ns. 6-7, 171 P.3d 20, 27-28 & ns.6-7 (2007).

1   condition precedent to suit against a public entity, the timely presentation of a written claim and

2   the rejection of the claim in whole or in part.")   A plaintiff's "failure to allege facts

3   demonstrating or excusing compliance with the claims presentation requirement subjects a claim

4   against a public entity" to dismissal for failure to state a claim.  See State v. Superior Court

5   (Bodde), 32 Cal. 4th 1234, 1239, 90 P.3d 116, 119 (2004).  California courts apply a rule of

6   "substantial compliance" in determining the sufficiency of plaintiff's presentation under the

7   Government Claims Act.  See DiCampli-Mintz v. County of Santa Clara, --- Cal. Rptr. 3d ---,

8   No. H034160, 2011 WL 2041825, at *5 (Cal. Ct. App. May 26, 2011); see also Stockett, 34 Cal.

9   4th at 446, 99 P.3d at 502-03 ("As the purpose of the claim is to give the government entity

10  notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions,

11  the claims statute should not be applied to snare the unwary where its purpose has been

12  satisfied.") (citations and quotation marks omitted).

13          Plaintiff alleges that on March 12, 2008, he sent a "a Certified Letter" to CSLB

14  "requesting money damages for the issues stated [in the Ninth Amended Complaint] and

15  requesting the right to sue the CSLB, as a government agency or entity, pursuant to the

16  Government Tort Claims Act of 1946."  (Ninth Am. Compl. ¶ 88.)  Plaintiff attached two

17  certified mail receipts as Exhibit D to his Ninth Amended Complaint, but did not attach the

18  related letter or letters.[12]  Specifically in regards to the claim of intentional infliction of emotional

19  distress, plaintiff alleges that on March 12, 2008, he "filed a claim against the City pursuant to

20  the California State Tort Claims Act," and that as of the date of filing the Ninth Amended

21  Complaint, "CSLB has taken no action on the plaintiff's claims thus establishing that it has been

22  denied as a matter of law."  (Id. ¶ 132.)

23          Defendants argue that although plaintiff alleged that he complied with the

24  Government Claims Act "in an action against the 'City,' there is no municipal defendant in this

25  ─────────────

26   [12]  One Certified Mail Receipt is addressed to "CSLB – Agent for Service."  (Ninth Am. Compl., Ex. D.)  The other appears to be addressed to "Placer Clerk of the Board."  (Id.)

1   case." (Defs.' Memo. of P. & A. In Supp. of Mot. to Dismiss at 10.)  The undersigned concludes

2   that plaintiff has alleged substantial compliance with the Government Claims Act.  Although

3   plaintiff errantly refers to the "City" in paragraph 132 of his pleading, the allegations in

4   paragraph 88 of the Ninth Amended Complaint, and Exhibit D thereto, are sufficient to withstand

5   defendants' argument premised on plaintiff's use of the term "City."  However, if plaintiff is

6   granted leave to file a tenth amended complaint, he must attach to the tenth amended complaint

7   the letter or letters demonstrating compliance with the Government Claims Act.

8   IV.   DISMISSAL OF MAES, RIND, AND SOUZA FOR FAILURE TO SERVE

9          As noted above, the court's docket reflects that defendants Jacqueline Maes,

10  Stuart Rind, and Andrea Souza have not yet been served with the summons and complaint in this

11  action.  (See Dkt. Nos. 23, 25.)  The undersigned, on the court's own motion, orders plaintiff to

12  show good cause in writing why his claims against Maes, Rind, and Souza, who have not

13  appeared in this action, should not be dismissed with prejudice pursuant to Federal Rules of Civil

14  Procedure 4(m) and 41(b).

15         As noted above, plaintiff filed the operative Ninth Amended Complaint on

16  January 13, 2010, and the court subsequently ordered service of the Ninth Amended Complaint

17  on defendants including Maes, Rind, and Souza (Order, July 22, 2010).  On August 18, 2010, the

18  U.S. Marshal returned a Process Receipt & Return Form reflecting that it was unable to

19  effectuate service of process on Souza based on the service-related information provided by

20  plaintiff.  (Dkt. No. 23.)  On October 6, 2010, the U.S. Marshal returned a Process Receipt &

21  Return Form reflecting that it was unable to effectuate service of process on Maes and Rind

22  based on the service-related information provided by plaintiff.  (Dkt. No. 25.)

23         As a result, the undersigned intends to recommend, on the court's own motion,

24  that plaintiff's claims against Maes, Rind, and Souza be dismissed because the time to serve

25  these defendants has expired.  In relevant part, Federal Rule of Civil Procedure 4(m) provides:

26  ////

21

1

> **(m) Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

3

4

5   Well over 120 days have passed since the court ordered service plaintiff Ninth Amended

6   Complaint.  Absent good cause shown by plaintiff, the court must dismiss plaintiff's claims

7   against Maes, Rind, and Souza pursuant to Rule 4(m).  However, Rule 4(m) requires that the

8   court provide notice to plaintiff prior to effectuating such a dismissal, and plaintiff is hereby

9   given such notice.

10          Additionally, the court is inclined to recommend that the dismissal of plaintiff's

11   claims against Maes, Rind, and Souza be with prejudice pursuant to Federal Rule of Civil

12   Procedure 41(b) for failure to prosecute and failure to comply with the court's service order.  See,

13   e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

14   *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

15   Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

16   pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

17   or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

18   1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

19   may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing

20   Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts

21   have inherent power to control their dockets and may impose sanctions including dismissal).  The

22   court previously warned plaintiff that such failures would result in a recommendation that his

23   case be dismissed.  (See Order, Jan. 4, 2011, at 2-3.)  Accordingly, plaintiff should also address

24   why his claims against Maes, Rind, and Souza should not be dismissed with prejudice.

25   ////

26   ////

V.      CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      The motion to dismiss plaintiff's Ninth Amended Complaint filed by defendants Kevin Carr, Thomas Ebling, Jim Kleiman, Rick Lopez, Patricia Nelson, Sue Payne, Diana Roach, Anita Sisneros, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and Leslie Yocum-Howell (Dkt. No. 28) be granted in part and denied in part.

2.      Plaintiff's first, second, third, fourth, fifth, and seventh claims for relief alleged against defendants Carr, Ebling, Kleiman, Lopez, Nelson, Payne, Roach, Sisneros, Stirewalt, Takimoto, Vega, Villucci, and Yocum-Howell be dismissed with prejudice.

3.      Plaintiff's sixth claim for relief be dismissed without prejudice.

4.      Plaintiff be granted leave to file a tenth amended complaint that attempts to cure the pleading deficiencies in plaintiff's sixth claim for relief and re-alleges plaintiff's eighth and ninth claims for relief with accompanying documentation.

It is FURTHER ORDERED that plaintiff shall show cause, in writing, no later than July 8, 2011, why his claims against defendants Jacqueline Maes, Stuart Rind, and Andrea Souza should not be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

1  1153, 1156-57 (9th Cir. 1991).

2         IT IS SO ORDERED AND RECOMMENDED.

3  DATED:  June 24, 2011

4

5  _____
   KENDALL J. NEWMAN

6  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26