IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

        Plaintiff,                                    No. 2:09-cv-02905 KJM KJN PS

    v.

CALIFORNIA DEPARTMENT OF
CONSUMER AFFAIRS,
CONTRACTORS STATE LICENSE
BOARD, et al.,

        Defendant.                                ORDER
_____/

        On September 26, 2011, United States District Judge Kimberly J. Mueller entered an order dismissing plaintiff's first, second, fourth, fifth, and seventh claims for relief with prejudice, and dismissing plaintiff's third and sixth claims for relief with leave to amend. (Order, Sept. 26, 2011, Dkt. No. 47.) In regards to plaintiff's surviving claims for relief—plaintiff's third, sixth, eighth, and ninth claims for relief—the order states:

> 4. Plaintiff's third and sixth claims for relief are dismissed without prejudice. Plaintiff shall incorporate the claims he believes are not time-barred in any amendment of his third claim for relief, based on the information presented in his objections.
>
> 5. Plaintiff is granted leave to file a tenth amended complaint that attempts to cure the pleading deficiencies in plaintiff's third and sixth claims for relief and re-alleges plaintiff's eighth and ninth claims for relief as provided in the magistrate judge's findings and recommendations.

1

(Id. at 2.)  Judge Mueller referred the matter back to the undersigned to enter an order addressing the nature and timing of the further amended complaint to be filed by plaintiff.  (Id. at 3.)

Consistent with the September 26, 2011 order and the adopted portions of the undersigned's findings and recommendations (Dkt. No. 42), IT IS HEREBY ORDERED that:

1. *Within 21 days of the date of this order*, plaintiff shall file a further amended pleading entitled "Tenth Amended Complaint," which attempts to cure the pleading deficiencies in plaintiff's third and sixth claims for relief and re-alleges plaintiff's eighth and ninth claims for relief as provided in the findings and recommendations.[1]

2. After plaintiff files his Tenth Amended Complaint, the undersigned will screen that further amended pleading pursuant to 28 U.S.C. § 1915(e).  If the undersigned determines that plaintiff's Tenth Amended Complaint may be served on defendants as pled, an order directing the same will be entered.  In connection with screening the further amended pleading, the undersigned will consider whether the Tenth Amended Complaint should also be served on defendants Jacqueline Maes, Stuart Rind, and Andrea Souza, who have yet to be served with any of plaintiff's nine previous complaints in this action.  (See Findings and Recommendations at 21-22.)

3. *If plaintiff fails to timely file his Tenth Amended Complaint, the undersigned will recommend the dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).*  Plaintiff has demonstrated a propensity to not follow the Federal Rules of Civil Procedure, the court's Local Rules, and the court's orders.  (See, e.g., Order, Jan. 11, 2011 (continuing hearing on motion to dismiss and warning plaintiff that his failure to prosecute and follow rules and orders will result in a dismissal pursuant to Rule 41(b)), Dkt. No. 29; see also Order, Sept. 16, 2011, filed in Kent v. City of Sacramento et al., 2:07-cv-02361 MCE KJN PS,

---

[1] For example, as provided in the undersigned's findings and recommendations, plaintiff must attach to the Tenth Amended Complaint the letter or letters demonstrating plaintiff's compliance with California's Government Claims Act as to his state law claims.  (See Findings and Recommendations at 21.)

2

Dkt. No. 66.)  Accordingly, plaintiff is yet again cautioned and warned that his failure to prosecute this action or to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a recommendation that his entire action be involuntarily dismissed with prejudice.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)

1  (stating that district courts have inherent power to control their dockets and may impose
2  sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).
3         IT IS SO ORDERED.
4  DATED: September 28, 2011

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE