IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

      Plaintiff,                    No. 2:09-cv-02905 KJM KJN PS

     v.

CALIFORNIA DEPARTMENT OF
CONSUMER AFFAIRS,
CONTRACTORS STATE LICENSE
BOARD, et al.,

      Defendant.                ORDER & ORDER TO SHOW CAUSE
_____/

         Plaintiff is proceeding without counsel and in forma pauperis.[1]  Presently, plaintiff is required to file his Tenth Amended Complaint no later than October 20, 2011.  (See Order, Sept. 29, 2011, Dkt. No. 48.)

         On October 19, 2011, plaintiff filed an ex parte request for a 20-day extension of time within which to file the Tenth Amended Complaint (Dkt. No. 49).  Plaintiff represents that he "acquired Counsel on October 19, 2011," and that "Plaintiff's counsel requires additional time to evaluate the facts before advising the plaintiff how to proceed."  (Id.)  Plaintiff's purported counsel did not file the ex parte request on behalf of plaintiff and has not otherwise entered an

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

appearance in this action.  It is unclear whether plaintiff will actually be represented by counsel going forward.  Nevertheless, the undersigned grants plaintiff's ex parte requests, subject to the conditions stated below.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte request for an extension of time (Dkt. No. 49) is granted.

2. Plaintiff shall file his Tenth Amended Complaint no later than November 10, 2011.

3. On or before November 10, 2011, plaintiff's newly acquired counsel shall file a *separate* notice of appearance with the court if he or she intends to represent plaintiff in these proceedings.  If this counsel does not intend to actually enter an appearance in this action, and thus plaintiff used the purported acquisition of counsel as a means to obtain an extension of time that might not otherwise have been granted, the court will consider whether to impose a monetary sanction on plaintiff.

4. On or before November 10, 2011, plaintiff, or plaintiff's counsel on behalf of plaintiff, shall show cause in writing why: (a) plaintiff's in forma pauperis status should not be revoked, and (b) why plaintiff should not be required to pay the required $350 filing fee.

5. Plaintiff's failure to follow *any* of these requirements will result in a recommendation that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff has demonstrated a strong propensity to not follow the Federal Rules of Civil Procedure, the court's Local Rules, and the court's orders, and has been warned by the court about the potential consequences of such failures.  (See, e.g., Order, Jan. 11, 2011, Dkt. No. 29; see also Order, Sept. 16, 2011, filed in Kent v. City of Sacramento et al., 2:07-cv-02361 MCE KJN PS, Dkt. No. 66.)  Plaintiff is yet again warned that his failure to prosecute this action or to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a recommendation that his entire action be dismissed with prejudice.  Eastern District

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992);

////
////
////
////

Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

IT IS SO ORDERED.

DATED: October 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE