1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN KENT,

11          Plaintiff,                    No. 2:09-cv-02905 KJM KJN PS

12          v.

13   STUART RIND; RICK VILLUCCI;
     DIANA ROACH; RICK LOPEZ;
14   STEPHEN TAKIMOTO; LESLIE
     YOAKUM; CARL VEGA; SUE
15   STIREWALT; KEVIN KERR; JIM
     KLEIMAN; THOMAS EBLING; SUE
16   PAYNE; ANDREA SOUZA; ANITA
     SISNEROS; JACQUELYN MAES;
17   PATRICIA NELSON; and UNKNOWN
     CSLB EMPLOYEES 1-15,

18
            Defendants.              ORDER TO SHOW CAUSE
19
     _____/
20

21          Presently before the court[1] is an unopposed motion for terminating sanctions

22   pursuant to Federal Rule of Civil Procedure 37(b)(2), which was filed by defendants Kevin A.

23   Carr, Thomas Ebling, Jim Z. Kleiman, Rick Lopez, Patricia Nelson, Sue Payne, Diana Roach,

24   Anita Sisneros, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and Leslie Yocum-

25

26          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                            1

1   Howell (collectively, "defendants").[2]  Specifically, defendants request that plaintiff's case be

2   dismissed as a result of plaintiff's discovery-related failure to provide initial disclosures pursuant

3   to Federal Rule of Civil Procedure 26(a)(1).  (See Notice of Mot. & Mot. for Sanctions at 1-2,

4   Dkt. No. 65.)  Alternatively, defendants seek an order "prohibiting Plaintiff from presenting any

5   witnesses or evidence at hearing or trial," which is essentially a different formulation of the

6   requested terminating sanction.  (Id. at 2.)  Finally, defendants seek monetary sanctions in the

7   amount of $850 as an award of reasonable expenses incurred in bringing this motion.  (Id.)

8           Plaintiff failed to file a written opposition or any other response to the motion for

9   terminating sanctions, which constitutes yet another violation of the court's Local Rules.  See E.

10  Dist. Local Rule 230(c).[3]  In light of plaintiff's failure to respond to defendants' motion for

11  terminating sanctions, the undersigned vacates the May 3, 2012 hearing on the motion and orders

12  plaintiff to show cause why, among other things, his case should not be dismissed for failing to

13  prosecute his case, comply with the Federal Rules of Civil Procedure, and comply with the

14  court's Local Rules and orders.  Some relevant factual background is recounted below.

15          Plaintiff's Tenth Amended Complaint is the current complaint.  Generally,

16  plaintiff alleges that numerous employees or agents of California's Contractors State License

17  Board violated his right to work as a contractor following his citation for contracting without a

18

19    [2] On December 29, 2011, the court ordered service of plaintiff's Tenth Amended
    Complaint on the remaining three defendants: Jacquelyn Maes, Stuart Rind, and Andrea Souza.
20  (Order, Dec. 29, 2011, Dkt. No. 55.)  Rind's waiver of service form was filed on February 27,
    2012 (Dkt. No. 64), but Rind has not appeared in the action.  Nothing in the record suggests that
    either Maes or Souza has yet been served with the summons and the Tenth Amended Complaint.

21
    [3] Eastern District Local Rule 230(c) provides:
22

23          **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting
            of the motion shall be in writing and shall be filed and served not less than
24          fourteen (14) days preceding the noticed (or continued) hearing date.  A
            responding party who has no opposition to the granting of the motion shall
25          serve and file a statement to that effect, specifically designating the motion
            in question.  No party will be entitled to be heard in opposition to a motion
26          at oral arguments if opposition to the motion has not been timely filed by
            that party. . . .

2

license.  Only four claims remain in this case, which consist of plaintiff's claims that seek relief

for: (1) a violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; (2) a violation of

plaintiff's procedural due process rights pursuant to 42 U.S.C. § 1983; (3) intentional infliction

of emotional distress; and (4) negligent infliction of emotional distress.  (See Order, Sept. 26,

2011, Dkt. No. 47; see also Order, Dec. 29, 2011, at 1-2; Order, Sept. 29, 2011, Dkt. No. 48.)

On February 7, 2012, the court entered a Status (Pretrial Scheduling) Order

("Scheduling Order"), which set forth numerous deadlines with which the parties must comply

(Dkt. No. 62).  Among these deadlines is the deadline for the parties to exchange their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  The court ordered that such

exchange take place "on or before March 9, 2012."  (Scheduling Order at 4.)  The following

admonition appears on the first page of the Scheduling Order:

> READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT
> DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH
> WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE
> TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN
> THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS
> WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL
> OR AN ORDER OF JUDGMENT.

(Id. at 1-2 (footnote omitted).)

On or about March 9, 2012, defendants served plaintiff with their Rule 26 initial

disclosures.  (Walter Decl. ¶ 3.)  Defendants represent that as of the date they filed their motion

for terminating sanctions, plaintiff had not provided initial disclosures to defendants.  (Id. ¶ 4.)

On March 27, 2012, defendants filed their motion for terminating sanctions.  As

noted above, plaintiff failed to file a written opposition to defendants' motion, or a statement of

non-opposition.

As plaintiff has been warned on numerous occasions by this court, Eastern District

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or

with any order of the Court may be grounds for imposition by the Court of any and all sanctions

authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern

3

District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
> therewith may be ground for dismissal . . . or any other sanction
> appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Plaintiff cannot claim to be unfamiliar with the concept of sanctions, including monetary and non-monetary sanctions, imposed for failing to comply with a court's orders or local rules.  For example, the court recently imposed a $100 monetary sanction on plaintiff for plaintiff's failure to file a court-ordered status report in advance of the scheduling conference in

this case. (Order, Feb. 3, 2012, Dkt. No. 61.)  In imposing that sanction, the court recounted

plaintiff's numerous failures to comply with the court's orders and various procedural rules, both

in this case and in the now-dismissed parallel action entitled <u>Kent v. United States et al.</u>,

No. 2:07-cv-02361 MCE KJN PS (E.D. Cal.) ("<u>Kent I</u>").  (<u>See</u> Order, Feb. 3, 2012, at 2.)  Faced

with the choice of imposing a monetary sanction or recommending dismissal of plaintiff's case,

the court imposed a monetary sanction "[i]n view of the policy in favor of resolving cases on the

merits."  (<u>Id.</u>)  Additionally, plaintiff has been repeatedly warned in this case that his failure to

prosecute or comply with the court's orders and applicable procedural rules would result in a

recommendation that his case be dismissed with prejudice.  (<u>See</u>, <u>e.g.</u>, Order, Nov. 16, 2011, at 4,

Dkt. No. 52; Order & Order To Show Cause, Oct. 21, 2011, at 2-4, Dkt. No. 50; Order, Sept. 29,

2011, at 2-4, Dkt. No. 48; Order To Show Cause & Findings & Recommendations, June 28,

2011, at 22, Dkt. No. 42; Order, Jan. 4, 2011, at 2-3, Dkt. No. 29.)

        Indeed, plaintiff has already suffered the dismissal of one of his cases as a

sanction.  This court dismissed <u>Kent I</u> with prejudice as a result of plaintiff's failure to prosecute

that case and comply with the court's orders and Local Rules.  (<u>Kent I.</u>, Findings &

Recommendations, Dec. 1, 2011, Dkt. No. 73, <u>adopted by</u> Order, Jan. 9, 2012, Dkt. No. 74; <u>Kent</u>

<u>I</u>, Judgment, Dkt. No. 75.)[4]

        Based on the foregoing, IT IS HEREBY ORDERED that:

        1.      The May 3, 2012 hearing on defendants' motion for terminating sanctions

is VACATED.

        2.      On or before May 11, 2012, plaintiff shall show cause in writing why:

                a.      Plaintiff failed to file an opposition or statement of non-opposition

in regards to defendants' motion for terminating sanctions;

---

        [4] The court may take judicial notice of court records and other matters of public record.
<u>See</u>, <u>e.g.</u>, <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1225 (9th Cir. 2007); <u>Reyn's Pasta Bella, LLC v.
Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Shaw v. Hahn</u>, 56 F.3d 1128, 1129 n.1
(9th Cir. 1995).

b.      Plaintiff's case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a), based on plaintiff's failure to prosecute his case and comply with the court's Local Rules; and

c.      Plaintiff should not be ordered to pay defendants $850 as reasonable expenses incurred by defendants in pursuing their discovery related motion.

3.      *Plaintiff's failure to file a response to this Order to Show Cause will be deemed to constitute plaintiff's consent to the granting of defendants' motion for terminating sanctions, and shall constitute an additional ground for the imposition of appropriate sanctions including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

IT IS SO ORDERED.

DATE:  April 30, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE