IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

        Plaintiff,                    No. 2:09-cv-02905 KJM KJN PS

    v.

STUART RIND; RICK VILLUCCI;
DIANA ROACH; RICK LOPEZ;
STEPHEN TAKIMOTO; LESLIE
YOAKUM; CARL VEGA; SUE
STIREWALT; KEVIN KERR; JIM
KLEIMAN; THOMAS EBLING; SUE
PAYNE; ANDREA SOUZA; ANITA
SISNEROS; JACQUELYN MAES;
PATRICIA NELSON; and UNKNOWN
CSLB EMPLOYEES 1-15,

        Defendants.              <u>ORDER TO SHOW CAUSE</u>

_____/

        Presently before the court[1] is an unopposed motion for terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2), which was filed by defendants Kevin A. Carr, Thomas Ebling, Jim Z. Kleiman, Rick Lopez, Patricia Nelson, Sue Payne, Diana Roach, Anita Sisneros, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and Leslie Yocum-

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Howell (collectively, "defendants").[2]  Specifically, defendants request that plaintiff's case be dismissed as a result of plaintiff's discovery-related failure to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  (See Notice of Mot. & Mot. for Sanctions at 1-2, Dkt. No. 65.)  Alternatively, defendants seek an order "prohibiting Plaintiff from presenting any witnesses or evidence at hearing or trial," which is essentially a different formulation of the requested terminating sanction.  (Id. at 2.)  Finally, defendants seek monetary sanctions in the amount of $850 as an award of reasonable expenses incurred in bringing this motion.  (Id.)

Plaintiff failed to file a written opposition or any other response to the motion for terminating sanctions, which constitutes yet another violation of the court's Local Rules.  See E. Dist. Local Rule 230(c).[3]  In light of plaintiff's failure to respond to defendants' motion for terminating sanctions, the undersigned vacates the May 3, 2012 hearing on the motion and orders plaintiff to show cause why, among other things, his case should not be dismissed for failing to prosecute his case, comply with the Federal Rules of Civil Procedure, and comply with the court's Local Rules and orders.  Some relevant factual background is recounted below.

Plaintiff's Tenth Amended Complaint is the current complaint.  Generally, plaintiff alleges that numerous employees or agents of California's Contractors State License Board violated his right to work as a contractor following his citation for contracting without a

---

[2] On December 29, 2011, the court ordered service of plaintiff's Tenth Amended Complaint on the remaining three defendants: Jacquelyn Maes, Stuart Rind, and Andrea Souza. (Order, Dec. 29, 2011, Dkt. No. 55.)  Rind's waiver of service form was filed on February 27, 2012 (Dkt. No. 64), but Rind has not appeared in the action.  Nothing in the record suggests that either Maes or Souza has yet been served with the summons and the Tenth Amended Complaint.

[3] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

2

license.  Only four claims remain in this case, which consist of plaintiff's claims that seek relief for: (1) a violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; (2) a violation of plaintiff's procedural due process rights pursuant to 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress.  (See Order, Sept. 26, 2011, Dkt. No. 47; see also Order, Dec. 29, 2011, at 1-2; Order, Sept. 29, 2011, Dkt. No. 48.)

On February 7, 2012, the court entered a Status (Pretrial Scheduling) Order ("Scheduling Order"), which set forth numerous deadlines with which the parties must comply (Dkt. No. 62).  Among these deadlines is the deadline for the parties to exchange their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  The court ordered that such exchange take place "on or before March 9, 2012."  (Scheduling Order at 4.)  The following admonition appears on the first page of the Scheduling Order:

> READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

(Id. at 1-2 (footnote omitted).)

On or about March 9, 2012, defendants served plaintiff with their Rule 26 initial disclosures.  (Walter Decl. ¶ 3.)  Defendants represent that as of the date they filed their motion for terminating sanctions, plaintiff had not provided initial disclosures to defendants.  (Id. ¶ 4.)

On March 27, 2012, defendants filed their motion for terminating sanctions.  As noted above, plaintiff failed to file a written opposition to defendants' motion, or a statement of non-opposition.

As plaintiff has been warned on numerous occasions by this court, Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern

District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Plaintiff cannot claim to be unfamiliar with the concept of sanctions, including monetary and non-monetary sanctions, imposed for failing to comply with a court's orders or local rules. For example, the court recently imposed a $100 monetary sanction on plaintiff for plaintiff's failure to file a court-ordered status report in advance of the scheduling conference in

4

this case. (Order, Feb. 3, 2012, Dkt. No. 61.) In imposing that sanction, the court recounted plaintiff's numerous failures to comply with the court's orders and various procedural rules, both in this case and in the now-dismissed parallel action entitled Kent v. United States et al., No. 2:07-cv-02361 MCE KJN PS (E.D. Cal.) ("Kent I"). (See Order, Feb. 3, 2012, at 2.) Faced with the choice of imposing a monetary sanction or recommending dismissal of plaintiff's case, the court imposed a monetary sanction "[i]n view of the policy in favor of resolving cases on the merits." (Id.) Additionally, plaintiff has been repeatedly warned in this case that his failure to prosecute or comply with the court's orders and applicable procedural rules would result in a recommendation that his case be dismissed with prejudice. (See, e.g., Order, Nov. 16, 2011, at 4, Dkt. No. 52; Order & Order To Show Cause, Oct. 21, 2011, at 2-4, Dkt. No. 50; Order, Sept. 29, 2011, at 2-4, Dkt. No. 48; Order To Show Cause & Findings & Recommendations, June 28, 2011, at 22, Dkt. No. 42; Order, Jan. 4, 2011, at 2-3, Dkt. No. 29.)

Indeed, plaintiff has already suffered the dismissal of one of his cases as a sanction. This court dismissed Kent I with prejudice as a result of plaintiff's failure to prosecute that case and comply with the court's orders and Local Rules. (Kent I., Findings & Recommendations, Dec. 1, 2011, Dkt. No. 73, adopted by Order, Jan. 9, 2012, Dkt. No. 74; Kent I, Judgment, Dkt. No. 75.)[4]

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The May 3, 2012 hearing on defendants' motion for terminating sanctions is VACATED.

2. On or before May 11, 2012, plaintiff shall show cause in writing why:

   a. Plaintiff failed to file an opposition or statement of non-opposition in regards to defendants' motion for terminating sanctions;

---

[4] The court may take judicial notice of court records and other matters of public record. See, e.g., Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

5

1      b.      Plaintiff's case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a), based on plaintiff's failure to prosecute his case and comply with the court's Local Rules; and

      c.      Plaintiff should not be ordered to pay defendants $850 as reasonable expenses incurred by defendants in pursuing their discovery related motion.

3.      *Plaintiff's failure to file a response to this Order to Show Cause will be deemed to constitute plaintiff's consent to the granting of defendants' motion for terminating sanctions, and shall constitute an additional ground for the imposition of appropriate sanctions including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

IT IS SO ORDERED.

DATE: April 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6