IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

        Plaintiff,

        v.

STUART RIND; RICK VILLUCCI; DIANA ROACH; RICK LOPEZ; STEPHEN TAKIMOTO; LESLIE YOAKUM; CARL VEGA; SUE STIREWALT; KEVIN KERR; JIM KLEIMAN; THOMAS EBLING; SUE PAYNE; ANDREA SOUZA; ANITA SISNEROS; JACQUELYN MAES; PATRICIA NELSON; and UNKNOWN CSLB EMPLOYEES 1-15,

        Defendants.

No. 2:09-cv-02905 KJM KJN PS

ORDER

/

        Presently before the court[1] is a motion for terminating sanctions, which was filed by defendants Kevin A. Carr, Thomas Ebling, Jim Z. Kleiman, Rick Lopez, Patricia Nelson, Sue Payne, Diana Roach, Anita Sisneros, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and Leslie Yocum-Howell (collectively, "Moving Defendants") pursuant to Federal Rule of Civil

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Procedure 37(b)(2). Specifically, the Moving Defendants request that plaintiff's case be dismissed as a result of plaintiff's discovery-related failure to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), as ordered by the court. (See Notice of Mot. & Mot. for Sanctions at 1-2, Dkt. No. 65; see also Status (Pretrial Scheduling) Order at 4, Dkt. No. 62.) Alternatively, defendants seek an order "prohibiting Plaintiff from presenting any witnesses or evidence at hearing or trial," which is essentially a different formulation of the requested terminating sanction. (Mot. for Sanctions at 2.) Finally, defendants seek monetary sanctions in the amount of $850 as an award of reasonable expenses incurred in bringing this motion. (Id.)

Plaintiff failed to file a timely written opposition or any other response to the motion for terminating sanctions, which constituted yet another violation of the court's Local Rules by plaintiff. See E. Dist. Local Rule 230(c).[2] Accordingly, the court entered an Order to Show Cause ("OSC") requiring plaintiff to show cause why: (1) "Plaintiff failed to file an opposition or statement of non-opposition in regards to defendants' motion for terminating sanctions"; (2) "Plaintiff's case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a), based on plaintiff's failure to prosecute his case and comply with the court's Local Rules"; and (3) "Plaintiff should not be ordered to pay defendants $850 as reasonable expenses incurred by defendants in pursuing their discovery related motion." (OSC, May 1, 2012, Dkt. No. 71.)

On May 1, 2012, plaintiff filed a response to a statement that had been filed by the Moving Defendants, addressing plaintiff's failure to oppose the motion for terminating sanctions

---

[2] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

(see Dkt. Nos. 66, 72). It does not appear that plaintiff filed this document in response to the OSC. In any event, plaintiff admits that he did not respond to the motion for terminating sanctions and does not oppose the imposition of monetary sanctions on him. However, plaintiff represents that he did not respond to the Moving Defendants' motion because he believes that motion was prematurely filed. Specifically, plaintiff states that he was instructed at the status (pretrial scheduling) conference that he should await the court's order in regards to the scheduling of this case, including the service of initial disclosures, and that plaintiff never received such an order. Plaintiff contends that he did not serve his initial disclosures because he never received the court's Status (Pretrial Scheduling) Order ("Scheduling Order"), which was entered on February 7, 2012.

A review of the court's docket reveals that the Clerk of Court apparently did not conventionally serve the Scheduling Order on plaintiff by mail, which is the ordinary practice of the court in regards to pro se parties. In light of this inadvertent omission, the undersigned denies the Moving Defendants' motion for terminating sanctions and discharges the OSC entered on May 1, 2012, except as stated below. Additionally, the court directs the Clerk of Court to serve the Scheduling Order on plaintiff, and orders plaintiff to serve his initial disclosures on the Moving Defendants on or before May 21, 2012.

However, the court imposes sanctions on plaintiff in an amount of $100 for plaintiff's failure to oppose the motion for terminating sanctions. It is not sufficient for plaintiff not to oppose a noticed motion simply because he thinks the motion was prematurely filed, and plaintiff's failure to respond is a violation of Local Rule 230(c). If plaintiff believes that a motion was filed in error or lacks merit, he must oppose that motion or risk, at a minimum, not being heard in opposition to the motion. Indeed, the undersigned nearly recommended the dismissal of plaintiff's case with prejudice because of plaintiff's failure to oppose the motion for terminating sanctions, as well as plaintiff's long and still-growing history of failing to comply with applicable procedural rules and the court's orders.

That said, the undersigned does not award $850 to the Moving Defendants, as requested. Although the initial error in regards to the service of the Scheduling Order lies with the court, and plaintiff failed to oppose the motion for terminating sanctions, this entire dispute could have potentially been resolved without the filing of a motion if the Moving Defendants' counsel attempted to contact plaintiff when that counsel did not receive plaintiff's initial disclosures by the court-imposed deadline. However, it does not appear from the record that the Moving Defendants' counsel ever attempted to contact plaintiff before filing the motion for terminating sanctions. (See generally Walter Decl., Dkt. No. 65.) Accordingly, the undersigned finds substantial justification for the imposition of $100 in sanctions on plaintiff, rather than $850.

Finally, the court warns plaintiff *for the final time* that if he again fails to oppose a motion or otherwise fails to comply with the court's orders and Local Rules, the undersigned will recommend that plaintiff's case be dismissed with prejudice. The court has warned plaintiff *ad nauseam* of the potential consequences for plaintiff's myriad failures in this case, and has now sanctioned plaintiff twice. ***Plaintiff will not be warned again in this regard***.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The motion for terminating sanctions (Dkt. No. 65) filed by defendants Kevin A. Carr, Thomas Ebling, Jim Z. Kleiman, Rick Lopez, Patricia Nelson, Sue Payne, Diana Roach, Anita Sisneros, Sue Stirewalt, Stephen Takimoto, Carl Vega, Rick Villucci, and Leslie Yocum-Howell is denied.

2. Plaintiff is sanctioned in the amount of $100, payable to the moving defendants through their counsel within 45 days of the date of this order. Plaintiff shall file a statement with the court within seven days of payment.

3. The Order to Show Cause filed on May 1, 2012, is discharged.

4. The Clerk of Court is directed to serve the Status (Pretrial Scheduling) Order (Dkt. No. 62) on plaintiff by mail no later than May 7, 2012.

4

5. Plaintiff shall serve his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on the defendants who have appeared in the action no later than May 21, 2012.

IT IS SO ORDERED.

DATED: May 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE