1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN KENT,                               Civ No.  S-09-2905 KJM AC

12              Plaintiff,

13        v.                                 ORDER

14  CALIFORNIA DEPARTMENT OF
    CONSUMER AFFAIRS, et al.,
15
                Defendant.
16

17

18         On July 8, 2013, this court directed plaintiff to show cause within two weeks of

19  that order why this action should not be dismissed for plaintiff's failure to prosecute.  Plaintiff has

20  not responded to the court's order, although he was properly served.

21         Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an

22  action if a plaintiff fails to prosecute.  A 41(b) dismissal "'must be supported by a showing of

23  unreasonable delay.'" *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting

24  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In this case, plaintiff did not

25  participate in the preparation of the joint pretrial statement and, according to defendants' pretrial

26  statement, did not undertake any discovery in this case.

27         Prior to dismissing for failure to prosecute under Rule 41(b), the court must

28  consider the factors outlined in *Henderson* namely:  "(1) the public's interest in expeditious

1

1   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

2   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

3   availability of less drastic sanctions."  779 F.2d at 1423.  "The district court has the inherent

4   power sua sponte to dismiss a case for lack of prosecution." *Id*.

5            First, the public has an interest in expeditious resolution of litigation.  Here

6   plaintiff did not pursue discovery and did not cooperate with defendants to prepare the pretrial

7   statement.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest

8   in expeditious resolution of litigation always favors dismissal.").  Plaintiff's failure to timely

9   prosecute his case shows that the case will be further delayed if the court were to give him

10   additional time to file a separate  pretrial statement,  particularly as there is no suggestion he will

11   comply.  The first *Henderson* factor weighs in favor of dismissal.

12            Second, plaintiff's delays have interfered with management of this court's docket.

13   The court directed him to cooperate with defendants to prepare a joint pretrial statement but

14   plaintiff has ignored that order.  In addition, during the course of the litigation, plaintiff failed to

15   provide initial disclosures and then failed to oppose defendants' motion for sanctions. *See*

16   *Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its docket strongly

17   favored dismissal because "[p]laintiffs tardily filed their motion for a written order, requiring the

18   district court to devote further time and resources to this matter rather than to the merits of an

19   amended complaint.").  This second factor also weighs strongly in favor of dismissal.

20            The third factor does not favor dismissal, as defendant has not been prejudiced by

21   plaintiff's actions and may receive a windfall for his dilatory behavior.

22            Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan*

23   *Stanley & Co*., 942 F.2d 648, 652 (9th Cir. 1991), "[a]lthough there is indeed a policy favoring

24   disposition on the merits, it is the responsibility of the moving party to move towards that

25   disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  The court finds

26   this factor to favor dismissal. So far as the court can determine, plaintiff has done nothing to

27   move this case toward a disposition on the merits, after it has been pending nearly four years.

28   The case is plaintiff's, yet he has done next to nothing to bring it to trial.

1        As for the fifth and final factor, "[t]he district court need not exhaust every

2    sanction short of dismissal before finally dismissing a case, but must explore possible and

3    meaningful alternatives."  *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Ins.*

4    *Co.*, 651 F.2d 671, 674 (9th Cir.1981)); *see Nevijel*, 651 F.2d at 674 ("less drastic alternatives

5    include allowing further amended complaints, allowing additional time, or insisting that appellant

6    associate experienced counsel"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

7    832 (9th Cir. 1986) (finding dismissal appropriate after the court granted several pretrial

8    conference continuances, plaintiff was not prepared for the conferences, and plaintiff was warned

9    that failure to be prepared would result in a dismissal).  In this case, plaintiff has a history of

10   failing to comply with court orders and deadlines and has been subject to monetary sanctions.  He

11   also has been warned that he faced dismissal if he continued to ignore his obligations in

12   connection with the litigation. The court finds this factor also favors dismissal.

13   III.    CONCLUSION

14       Henderson factors one, two, four and five weigh in favor of the sanction of

15   dismissal with prejudice, and factor three does not favor dismissal.  On balance, dismissal is

16   justified and the appropriate court action.

17           IT IS SO ORDERED.

18   DATED: August 28, 2013.

19

20   _____

21   UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28